WALTER R. WILKINS, JUNIOR *vs.* REGISTRARS OF CHELMSFORD & another. February 3, 1959. Judgment affirmed. This is an appeal from a final judgment of the Superior Court ordering the issuance of a writ of mandamus declaring the petitioner duly elected to the office of treasurer and collector of taxes by a margin of three votes over the appellant, a rival candidate, at the 1957 town election held in Chelmsford. Recounts were held in every one of the six precincts of the town for the office of town clerk and the office of town treasurer and collector of taxes. The board of registrars of voters attached the two petitions for recounts for each precinct together and examined them. In accordance with a stipulation of the parties, the real issue is whether the names of the voters included in precinct 2 on the petition for a recount of the votes for the office of town treasurer and collector of taxes have been certified by the board. · The petition for recount of the votes for this office had been stapled by the board on top of the petition for the recount of the votes for town clerk as shown by the position of the staple. The names of the voters upon the latter petition had been certified by the board, but no formal certification was written by the board on the petition for a recount of the votes for the office of town treasurer and collector of taxes. We have inspected the lists upon both of these petitions. The signatures upon each are similar; the names, residences and the order in which they were signed indicate that the same persons whose signatures appear on the one list signed the other and with the same kind of ink. In a word, the lists on the petitions are identical in every respect. Both petitions were considered together and decided by the board upon the basis that the lists of voters upon these two petitions were similar and were adequate in number. The five protested ballots were correctly counted by the judge.

*Woodbury F. Howard,* for the intervener.

*Warren W. Allgrove, (Roger M. Brady* with him,) for the petitioner.